UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
SHELL TRADEMARK MANAGEMENT B.V. and
PENNZOIL-QUAKER STATE COMPANY,

                                   Plaintiffs and
                                   Counter-Defendants,

                      -against-

THE INDIVIDUALS AND BUSINESS ENTITIES
IDENTIFIED ON SCHEDULE A,

                                 Defendants and
                                 Counter-Plaintiffs

THE OIL AND LUBRICANT DEPOT LLC,

                                 Third Party Plaintiff,

                    -against-

POLSINELLO FUELS INC. and JOHN DOES,

                                 Third Party Defendants.
----------------------------------------------------------------------X

**FILED**
**CLERK**
11/21/2024 3:55 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM & ORDER**
23-cv-07653-JMA-LGD

**AZRACK, United States District Judge:**

On September 24, 2024, Magistrate Judge Lee G. Dunst issued an Order (the "Discovery Order") that granted in part and denied in part a motion, (ECF No. 86), filed by Plaintiffs Shell Trademark Management B.V. and Pennzoil-Quaker State Company ("Plaintiffs") for certain discovery relief. The Discovery Order required Defendant Oil and Lubricant Depot LLC ("Depot") to produce certain categories of documents and information. (See ECF Nos. 88, 96.) On October 16, 2024, Judge Dunst issued an Order (the "Amended Complaint Order") permitting Plaintiffs to file an amended complaint. (See Elec. Order dated October 16, 2024). Additionally, Plaintiffs and Third-Party Defendant Polsinello Fuels Inc. ("Polsinello") have submitted pre-

motion conference requests for an anticipated motion to dismiss amended counterclaims filed by Depot and Steven Krausman ("Defendants"). (See ECF Nos. 115, 118).

Presently before the Court are the following: (1) Defendants' objections to Judge Dunst's Discovery Order, (ECF No. 111); (2) Defendants' objections to Judge Dunst's order permitting Plaintiffs to file an amended complaint, (ECF No. 112); and (3) pre-motion conference requests filed by Plaintiffs and Polsinello for an anticipated motion to dismiss Defendants' amended counterclaims, (ECF Nos. 115, 118). For the reasons set forth herein, Defendants' objections to Judge Dunst's Discovery Order are OVERRULED, Defendants' objections to Judge Dunst's Amended Complaint Order are OVERRULED, and the pre-motion conference requests filed by Plaintiffs and Polsinello are DENIED.

I.  **Discussion**[1]

A.  **Discovery Rulings**

1.  **Background**

On September 9, 2024, Plaintiffs filed a motion to compel certain discovery responses from Depot with regards to certain categories of documents and information. (ECF No. 86.) On September 24, 2024, Judge Dunst granted in part and denied in part Plaintiffs' motion to compel discovery responses, ruling as follows with regards to the discovery requests currently at issue:

1. **Production of Documents Related to Shell-Branded Lubricating Oil:** Judge Dunst ruled that Depot's production of documents and information related to Shell lubricating oil products should not be limited to those concerning Shell Rotella T4 15W-40 (the product listed as an example in Shell's initial complaint).

2. **Customers of Shell-Branded Lubricating Oil:** Judge Dunst ruled that Depot's production of purchase and sales information for Shell-branded lubricating oil products should not be limited to the five customers that have already been identified.

3. **Five-Year Lookback Period:** Judge Dunst ruled that Depot must produce responsive information dating back five years from the filing of the complaint.

---

[1] The Court presumes familiarity with the factual background and procedural posture of this case.

4. **Redactions for Irrelevancy:** Judge Dunst ruled that Depot cannot make redactions for alleged irrelevancy and that documents with such redactions should be produced unredacted.

5. **Litigation and Cease-and-Desist Letters:** Judge Dunst ruled that Depot must produce information relating to lawsuits or cease and desist letters containing allegations that Defendants have sold counterfeit or defective products.

(See ECF Nos. 88, 96.)

In issuing these discovery rulings, Judge Dunst noted that Depot's required production pursuant to the Discovery Order was to be held in abeyance pending Plaintiffs' required production of their trademark quality control standards.  (ECF No. 88.)  On October 16, 2024, Judge Dunst determined that Plaintiffs had satisfied his explicit condition regarding production of the quality control documents and ordered Depot to produce the selected categories of documents identified in the Discovery Order.  (See Elec. Order dated October 16, 2024.)  Defendants object to Judge Dunst's ruling in the Discovery Order, arguing that: (1) Shell has failed to produce its actual trademark quality control standards; (2) Depot should not be obligated to produce unredacted documents disclosing "irrelevant confidential information about customers and products unrelated to this action"; and (3) Depot should not be obligated to produce responsive documents dating back five years from the filing of the complaint.  (See ECF No. 111.)

## 2. Legal Standard

"Matters concerning discovery generally are considered 'nondispositive' of the litigation." Arista Recs., LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010) (citation omitted); see Sampedro v. Silver Point Capital, L.P., 958 F.3d 140, 142 n.1 (2d Cir. 2020).  A district judge must consider timely objections to a magistrate judge's non-dispositive order and modify or set aside any part of the order that is clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a).  Under this standard, "the magistrate judge's findings should not be rejected merely because the court would have

3

decided the matter differently." Grief v. Nassau Cnty., 246 F. Supp. 3d 560, 564 (E.D.N.Y. 2017) (internal quotation marks omitted). Clear error lies only where, after examining the record, the Court is "left with the definite and firm conviction that a mistake has been committed." Alexander v. S.C. State Conference of the NAACP, 602 U.S. 1, 18 (2024) (quoting Cooper v. Harris, 581 U.S. 285, 309 (2017)). Generally, a decision is contrary to law when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." Galloway v. Cnty. of Nassau, 589 F. Supp. 3d 271, 277 (E.D.N.Y. 2022) (internal quotation marks omitted). In other words, "a magistrate judge's decision is contrary to law only where it runs counter to controlling authority." Fritz v. LVNV Funding, LLC, 587 F. Supp. 3d 1, 7 (E.D.N.Y. 2022) (quoting Pall Corp. v. Entegris, Inc., 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008)). At bottom, the standard of review "is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused [his] discretion." Galloway, 589 F. Supp. 3d at 277 (quoting Ahmed v. T.J. Maxx Corp., 103 F. Supp. 3d 343, 350 (E.D.N.Y. 2015)) (brackets omitted).

### 3. Discussion

Defendants object to the Discovery Order and to Judge Dunst's order requiring a supplemental production in three respects. (ECF No. 111.) For the reasons discussed below, Defendants' arguments fail to give the Court a "definite and firm conviction that a mistake has been committed." Alexander, 144 S. Ct. at 1240 (quoting Cooper, 581 U.S. at 309).

First, Defendants contend that Shell has failed to actually produce its trademark quality control standards that are to be used in evaluating the genuineness of the Shell Rotella T4 15W-40 product. (See ECF No. 111.) But Defendants have not demonstrated that Judge Dunst clearly erred in finding that Shell had satisfied the explicit condition set by Judge Dunst regarding the production of the quality control documents. See Williams v. NYC Bd. of Elections, 2024 WL 4308289, at *5 (S.D.N.Y. Sept. 26, 2024) ("the Court is entitled to rely on representations made

4

by defense counsel that all relevant documents have already been produced."). Furthermore, as Judge Dunst held in his October 16, 2024 Order, any concerns that Defendants have about this production are best addressed during the course of depositions as this case proceeds. (See Elec. Order dated Oct. 16, 2024.)

Second, Defendants argue that the Discovery Order erred by requiring Depot to produce unredacted documents with purchase and sales information concerning Shell lubricating oil products and customers. (See ECF No. 111.) Some of Defendants' objections to producing documents about unrelated products may now be moot given the addition of nine products' names to Shell's amended complaint, which is addressed infra. (See ECF No. 107.) Regardless, the Court rejects these objections, as "[t]he weight of authority in the Second Circuit goes against allowing a party to redact information from admittedly responsive and relevant documents 'based on that party's unilateral determinations of relevancy.'" New Falls Corp. v. Soni, 2020 WL 2836787, at *14 (E.D.N.Y. May 29, 2020) (holding relevance redactions are improper). Furthermore, both parties in this case are subject to a protective order which governs the treatment of confidential and potentially sensitive information. (See ECF No. 39); see also Durling v. Papa John's Int'l, Inc., 2018 WL 557915, at *9 (S.D.N.Y. Jan. 24, 2018) ("Redactions on grounds of non-responsiveness or irrelevance are generally impermissible, especially where . . . a confidentiality stipulation and order . . . is in place.").

Third, Defendants object to the Discovery Order's requirement that Depot produce responsive documents dating back five years from the filing of the complaint, arguing that it is a "needless burden" and that this Court previously limited discovery to three years preceding the complaint. (See ECF No. 111.) Nonetheless, the undersigned agrees with Judge Dunst that Depot must produce responsive documents dating back five years prior to the filing of the complaint, as both parties' submissions on the record have demonstrated the relevance of evidence from this

5

time period.  (See ECF No. 121, Plaintiff's Response to Defendants' Discovery Objections at 2; ECF No. 112, Defendants' Appeal of Judge Dunst's Amended Complaint Order at 7-8.)

Defendants have not shown that the Discovery Order was clearly erroneous or contrary to law.  Accordingly, Defendants' objections to the Discovery Order are OVERRULED.

### B.     Shell's Amended Complaint

#### 1.     Background

Plaintiffs filed the original Complaint on October 13, 2023.  (ECF No. 1.)  On May 3, 2024, Judge Dunst issued a Scheduling Order stating that "any motion to amend the pleadings to add claims or join additional parties must be filed by 8/1/2024."  (See ECF No. 68.)  Plaintiffs timely moved to amend their Complaint on August 1, 2024.  (See ECF No. 81.)  On September 24, 2024, Judge Dunst held a status conference with the parties, ruling on both parties' respective motions to amend their pleadings.  (See ECF No. 88.)  Judge Dunst granted Defendants' motion to amend and indicated that he was prepared to also grant Plaintiffs' motion to amend, but held Plaintiffs' motion in abeyance pending Shell's completion of production of its trademark quality control standards.  (Id.)  On October 16, 2024, Judge Dunst issued an order granting Plaintiffs' motion to amend in light of the liberal standard under Fed. R. Civ. P. 15(a) and because Shell had satisfied the court's explicit condition concerning the production of its trademark quality control documents.  (Elec. Order dated October 16, 2024.)  Defendants then filed their amended pleading, adding eight affirmative defenses, four counterclaims, and eleven new parties.  (See ECF No. 104.)  Plaintiffs then filed their amended complaint, which adds the names of nine product names in relation to its claims regarding trademark infringement and counterfeiting.  (See ECF No. 107.)

#### 2.     Legal Standard

Rule 72(a) of the Federal Rules of Civil Procedure, which governs a district judge's review of a magistrate judge's non-dispositive pretrial rulings, provides that "[t]he district judge . . . must

6

consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). An order is "clearly erroneous if, based on all the evidence, a reviewing court 'is left with the definite and firm conviction that a mistake has been committed,'" Storms v. United States, 2014 WL 3547016, at *4 (E.D.N.Y. July 16, 2014) (quoting United States v. Murphy, 703 F.3d 182, 188 (2d Cir. 2012)), and "is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure," Weiner v. McKeefery, 2014 WL 2048381, at *3 (E.D.N.Y. May 19, 2014) (citation and quotation omitted). "This standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused his discretion." Ahmed, 103 F. Supp. at 350 (quotations and citations omitted).

As a general matter, unless the magistrate judge's decision effectively dismisses or precludes a claim, thereby rendering the motion to amend dispositive, motions for leave to amend are subject to review under the "clearly erroneous or contrary to law" standard of Rule 72(a). See Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007) ("[a]s a matter of case management, a district judge may refer non-dispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent"); Rienzi & Sons, Inc. v. Puglisi, 638 F. App'x 87, 92 (2d Cir. 2016) (characterizing motion to amend pleading as "non-dispositive"); see also Jean-Laurent v. Wilkerson, 461 F. App'x 18, 25 (2d Cir. 2012). Because Judge Dunst's order granting Plaintiffs' motion to amend is non-dispositive, his decision is subject to review under Rule 72(a)'s "clearly erroneous or contrary to law" standard.

### 3. Discussion

Defendants object to the Amended Complaint Order, arguing that: (1) Shell has not actually produced its trademark quality control standards; and (2) allowing Plaintiffs to file an amended complaint and extending the discovery deadline will unfairly prejudice Defendants. (See ECF No. 112.)  In granting Plaintiffs' motion to file an amended complaint, Judge Dunst noted that he had considered Defendants' objections and found them unconvincing in light of the liberal standard under Fed. R. Civ. P. 15(a).  The undersigned finds no clear error in Judge Dunst's decision to allow the amended complaint.

First, as previously discussed, Defendants have not demonstrated that Judge Dunst clearly erred in finding that Shell had satisfied the explicit condition he had set regarding the production of the quality control documents.  See Williams, 2024 WL 4308289, at *5 ("the Court is entitled to rely on representations made by defense counsel that all relevant documents have already been produced.").

Second, Defendants have not demonstrated that Judge Dunst clearly erred in allowing the amended complaint under Rule 15's liberal standard.  Under Rule 15, courts "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and "there must be good reason to deny the motion." Acito v. IMCERA Grp., Inc., 47 F.3d 47, 55 (2d Cir.1995) (citation omitted).  When making these determinations, "the court accepts the factual allegations in the proposed Amended Complaint as true, and does not consider any evidence except that which is included in or incorporated by reference in the Amended Complaint." Fair Hous. Just. Ctr., Inc. v. 203 Jay St. Assocs., LLC, 2024 WL 4120376, at *3 (E.D.N.Y. June 14, 2024), report and recommendation adopted, 2024 WL 3934518 (E.D.N.Y. Aug. 26, 2024).  Plaintiffs timely moved to amend their complaint six months before the conclusion of fact discovery, before the deadline to amend pleadings set by Judge Dunst.  (See Elec. Order dated October 16, 2024); see also Fahlund v.

8

Nassau County, 265 F. Supp. 3d 247, 255 (E.D.N.Y. 2017) (finding no undue prejudice in part because "Plaintiff moved to amend his complaint approximately eleven months after he filed his initial complaint, and before discovery was closed."). Furthermore, the September 2025 discovery deadline is based in part on Defendants' amended pleading, which added eight affirmative defenses, four counterclaims, and eleven defendants to the action, and is therefore not solely attributable to Plaintiffs' amended complaint. See Markey v. Cameron Compression Systems, 2012 WL 13180427 at *2 (W.D.N.Y. Sept. 20, 2012) ("Moreover, as discovery is ongoing and the deadline for close of discovery has been extended for reasons independent of this motion, the Court finds no prejudice to plaintiff."). Having reviewed both parties' submissions and the underlying record in full, the Court finds no clear error in Judge Dunst's decision to allow the amended complaint. Accordingly, Defendants' objections to the Amended Complaint Order are OVERRULED.

### C.  Shell and Polsinello's Pre-Motion Conference Requests

Also before the Court are pre-motion conference letters filed by Plaintiffs and Polsinello concerning anticipated motions to dismiss Defendants' counterclaims. (See ECF Nos. 115, 118.) In their amended counterclaim and third-party complaint, Defendants bring counterclaims alleging Tortious Interference with Contract/Prospective Advantage, False Representation, and Trade Libel. (See ECF Nos. 104, 105.) Plaintiffs and Polsinello seek permission to file a motion to dismiss these counterclaims, arguing that Defendants have failed to adequately state a claim for any of their proposed counterclaims. (See ECF Nos. 115, 118.) For the following reasons, the Court denies the pre-motion conference letters filed by Plaintiffs and Polsinello.

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. See Trs. of the Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt., 843

9

F.3d 561, 566 (2d Cir. 2016). To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A counterclaim is facially plausible when "the [counterclaimant] pleads factual content that allows the court to draw the reasonable inference that the [original claimant] is liable for the misconduct alleged." Id. at 663.

It appears that Defendants have adequately alleged their claims for tortious interference, false representation, and trade libel in their amended pleading by alleging, in part, that Shell and Polsinello have made materially false claims to Defendants' customers and suppliers regarding the genuineness of certain Shell oil products sold by Defendants. (See ECF Nos. 102, 104, 105.) Defendants allege that Plaintiffs and Polsinello have for at least three years now been interfering with Defendants' business relationships with (1) Defendants' principal supplier, Sam's Club; (2) Defendants' bank, Bank of America; and (3) Defendants' customers. (See ECF Nos. 104, 105.) According to Defendants, Plaintiffs and Polsinello have interfered with orders that Defendants had placed with Sam's club and "block[ed] Sam's from fulfilling new orders." (ECF No. 104, ¶ 43.) Furthermore, Defendants allege that Plaintiffs and Polsinello made false claims to Defendants' customers regarding Defendants' sale of allegedly counterfeit products and misrepresented the nature, characteristics, qualities of the products sold by Defendants to induce others to avoid business dealings with Defendants. (See ECF Nos. 104, 105.)

At this stage, the Court finds that Defendants have raised valid counterclaims that should proceed through discovery. The Court has serious doubts about the prospects of a potential motion to dismiss Defendants' counterclaims and strongly advises Plaintiffs and Polsinello not to pursue such a motion. To the extent that there are factual issues regarding the extent of Plaintiffs and Polsinello's interference with Defendants' business and relationship with its customers, those issues can be addressed in any potential motion for summary judgment at the conclusion of

10

discovery. Accordingly, the pre-motion conference letter requests filed by Plaintiffs and Polsinello are DENIED.

### D.   Defendants' Request for Oral Argument

Defendants request oral argument on their objections to the Discovery Order and Amended Complaint Order. (See ECF Nos. 111, 124.) The Court retains discretion to hear oral argument. See District Judge Joan M. Azrack's Individual Rule IV.G.3. The record provides the Court with a sufficient basis to adjudicate Defendants' objections to the Discovery Order and Amended Complaint Order. Accordingly, Defendants' oral argument request is DENIED. See, e.g., Friedman v. Self Help Cmty. Servs., 2015 WL 1246538, at *7 (E.D.N.Y. Mar. 17, 2015) (rejecting oral argument request and adopting magistrate judge's decision), aff'd, 647 F. App'x 44 (2d Cir. 2016).

## II.   Conclusion

Defendants have not shown that the Discovery Order or Amended Complaint Order were clearly erroneous or contrary to law. Accordingly, Defendants' objections to the Discovery Order and the Amended Complaint Order are OVERRULED. Furthermore, the pre-motion conference requests filed by Plaintiffs and Polsinello are DENIED.

**SO ORDERED.**

Dated:   November 21, 2024
         Central Islip, New York

                                             /s/ (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE