**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

SHELL TRADEMARK MANAGEMENT B.V. and PENNZOIL-QUAKER STATE COMPANY

Plaintiffs and Counter-Defendants,

v.

THE INDIVIDUALS AND BUSINESS ENTITIES IDENTIFIED ON SCHEDULE A,

Defendants and Counter-Plaintiffs.

-----------------------------------------------------------X

THE OIL AND LUBRICANT DEPOT LLC,

Third-Party Plaintiff,

v.

JOHN DOES 1-10 and POLSINELLO FUELS, INC.,

Third-Party Defendants.

-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

23-cv-7653 (SJB) (LGD)

**LEE G. DUNST**, Magistrate Judge:

Plaintiffs Shell Trademark Management B.V. and Pennzoil-Quaker State Company (collectively, "Shell") bring claims against various Defendants, including The Oil and Lubricant Depot LLC ("Oil Depot") and Steven Krausman (collectively, "Moving Defendants"), for the alleged sale of counterfeit "Shell-branded" oil. *See generally* Electronic Case Filing ("ECF") No. 107 (Amended Complaint). Presently before the Court is Oil Depot and Krausman's Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11. *See* ECF No. 167 (the "Motion"); FED. R. CIV. P. 11. Oil Depot and Krausman seek dismissal with prejudice, claiming that Shell initiated this case in a "bad faith and pretextual" attempt to "help[] Shell's local distributors . . .

maintain higher prices and punish [Oil] Depot for being able to underprice" the distributors. ECF No. 167-3 at 2, 25. Shell opposes dismissal and seeks attorney's fees associated with responding to the Motion. *See* ECF No. 168-1 at 31–32.

On February 24, 2026, District Judge Sanket J. Bulsara referred the Motion to the undersigned for a Report and Recommendation. *See* Electronic Order, dated February 24, 2026. For the reasons below, the undersigned recommends that Plaintiffs' Motion be denied without prejudice as premature.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Shell commenced this action on October 13, 2023, alleging ten claims related to trademark infringement and counterfeiting, false designation of origin, unfair competition, deceptive trade practices, false advertising, and unjust enrichment. *See* ECF No. 1 (Original Complaint).[1] Shell also sought an *ex parte* Temporary Restraining Order ("TRO") barring the transfer of assets obtained from Defendants' alleged sale of counterfeit "Shell-branded" oil. *See* ECF No. 4 (Application for *ex parte* TRO). Shell represented that that a TRO was necessary because of the deceptive nature of counterfeiting, Defendants' ability to "destroy evidence" of the alleged counterfeit products, and the possibility that Defendants might hide ill-gotten assets. *See* ECF No. 4 at 2, 7, 22.

District Judge Joan M. Azrack (to whom the case was then assigned) granted Shell's *ex*

[1] On October 16, 2024, the undersigned granted Shell leave to file an amended complaint. *See* Electronic Order, dated October 16, 2024 (the "Amended Complaint Order") ("During the 9/24/2024 Status Conference, the undersigned indicated that it was inclined to grant Plaintiff Shell's pending Motion to Amend the Complaint, but would hold the motion in abeyance pending production of the quality control standards. As Plaintiff Shell has satisfied that condition (and in light of the liberal standard under Fed. R. Civ. P. 15(a)), Plaintiff Shell's Motion to Amend the Complaint is GRANTED." (citations omitted)). District Judge Joan M. Azrack overruled Defendants' objections to the Amended Complaint Order on November 21, 2024. *See Shell Trademark Mgmt. B.V. v. Individuals & Bus. Entities Identified on Schedule A*, No. 23-CV-07653, 2024 WL 4854681, at *6 (E.D.N.Y. Nov. 21, 2024). Shell's Amended Complaint adds factual allegations but does not include additional claims. *See* ECF No. 107 (Amended Complaint).

*parte* TRO request on October 17, 2023. *See* ECF No. 9. Defendants moved to vacate the TRO, and after Judge Azrack denied Defendants' request, a series of standstill agreements followed. *See* ECF No. 19 (Motion to Vacate TRO); ECF No. 23 (Judge Azrack's Order declining to vacate the TRO); ECF No. 57 (Amended Standstill Agreement); ECF No. 62 (Addendum to Amended Standstill Agreement). However, Defendants never moved to dismiss Shell's claims.

On January 31, 2025, the case was reassigned to Judge Bulsara. *See* Electronic Order dated January 31, 2025. On February 23, 2026, while discovery was still pending, the Moving Defendants filed a sanctions motion seeking dismissal of this action with prejudice. *See* ECF No. 167. Judge Bulsara referred the Motion to the undersigned for a Report and Recommendation on February 24, 2026. *See* Electronic Order, dated February 24, 2026. For the following reasons, the undersigned recommends that the Motion be denied without prejudice as premature and that discovery should continue. *See* Electronic Order, dated June 15, 2026 (approving the parties' proposed scheduling order for expert discovery).

## II. LEGAL STANDARD

Rule 11 requires that "[e]very pleading, written motion, and other paper" be signed by an attorney of record or *pro se* litigant. FED. R. CIV. P. 11(a). By signing a pleading, an attorney certifies that to the best of their knowledge or belief and after a reasonable inquiry:

> (1) [the pleading] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b); *see also Lima v. Napoli*, No. 19-CV-1699, 2023 WL 2429998, at *12 (E.D.N.Y. Feb. 10, 2023), *report and recommendation adopted*, 2023 WL 2731689 (E.D.N.Y. Mar. 31, 2023) (quoting FED. R. CIV. P. 11(b)).

Motions for sanctions face a high bar: "sanctions may not be imposed unless a particular allegation is utterly lacking in support." *United States v. Lax*, 596 F. Supp. 3d 421, 429 (E.D.N.Y. 2022) (internal quotation marks and citations omitted); *see also VNUE Inc. v. LG Capital Funding, LLC*, No. 22-CV-3524, 2026 WL 1079848, at *2 (E.D.N.Y. Feb. 18, 2026) (noting that "Rule 11 sets a high bar to sanction a practitioner"). "[S]anctions are generally permitted 'where it is clear that: (1) a reasonable inquiry into the basis for a pleading has not been made; (2) under existing precedents there is *no chance* of success; and (3) *no reasonable argument* has been advanced to extend, modify or reverse the law as it stands.'" *VNUE, Inc.*, 2026 WL 1079848, at *2 (quoting *Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 390 (2d Cir. 1989) (emphases added)). "In considering a motion for sanctions, courts evaluate the objective reasonableness of the pleading's allegations at the time the pleading was signed." *Heaston v. City of New York*, No. 19-CV-5569, 2022 WL 182069, at *7 (E.D.N.Y. Jan. 20, 2022) (internal quotation marks and citation omitted). "If the pleading fails this test, the other party may seek sanctions under Rule 11(c)." *Churaman-Jadoo v. Daniels*, No. 23-CV-08482, 2025 WL 2614943, at *3 (E.D.N.Y. Sept. 10, 2025); *see also* FED. R. CIV. P. 11(c).

Rule 11(c) vests courts with wide discretion to impose various sanctions. *See Gong v. Sarnoff*, No. 23-CV-343, 2023 WL 5372473, at *8 (S.D.N.Y. Aug. 22, 2023) ("Rule 11(c) . . . permits a court to impose 'appropriate sanctions' for violations of Rule 11(b)." (quoting FED. R.

Civ. P. 11(c)(1)); *McLeod v. Verizon New York, Inc.*, 995 F. Supp. 2d 134, 145 (E.D.N.Y. 2014) (explaining that "the decision whether to impose sanctions . . . is a matter for the court's discretion."). However, courts have routinely held that Rule 11 is an improper vehicle for assessing the merits of an action. *VNUE, Inc.*, 2026 WL 1079848, at *5 ("When addressing a Rule 11 motion, we must harken to the Supreme Court's admonition that the court does not judge 'the merits of an action.'" (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990))). Discovery and alternative pre-trial motion practice provide ample means to test the legal sufficiency of a claim. *See Rates Tech. Inc. v. Mediatrix Telecom, Inc.*, No. 05-CV-2755, 2007 WL 2021905, at *5 (E.D.N.Y. Mar. 16, 2007), *report and recommendation adopted*, 2007 WL 1987787 (E.D.N.Y. June 29, 2007) ("In weighing Rule 11 motions, courts have repeatedly been cognizant of the fact that a Rule 11 motion is not a proper substitute for a motion to dismiss or a summary judgment motion.")

## III. DISCUSSION

The Moving Defendants primarily challenge the merits of Shell's claims to justify their sanctions request. According to the Moving Defendants, Shell made "false statements that [Oil] Depot had no relationship with Shell and was a flight risk" to obtain the *ex parte* TRO from Judge Azrack in 2023. ECF No. 167-3 at 22. The Moving Defendants further claim that Shell has "pled groundless allegations" of counterfeiting, "failed to produce any evidence" proving that Oil Depot's products are inauthentic, and "evad[ed] responding to [Oil] Depot's discovery requests." *Id.* at 23. The Moving Defendants contend that Shell's "sanctionable" conduct—supposedly pretext to maintain higher prices for local distributors—warrants dismissal with prejudice. *See id.* at 25.

The decision in *Safe-Strap Co., Inc. v. Koala Corp.*, 270 F.Supp.2d 407 (S.D.N.Y. 2003),

is instructive for the Motion pending before the undersigned. *Safe-Strap* concerned a patent infringement action related to "child restraint systems" designed to "secure and [] protect children when they are riding in shopping carts commonly used in grocery stores." *Id.* at 409. The plaintiff Safe-Strap alleged that defendant Koala was selling a "SmartStrap" belt that infringed Safe-Strap's patent rights. *See id.* Instead of moving to dismiss, Koala sought the "pungent" Rule 11 sanction of dismissal, characterizing Safe-Strap's infringement claims as "frivolous" and "lack[ing] evidentiary support." *Id.* at 410, 411–12, 418 (internal quotation marks and citations omitted).

The court denied Koala's request for dismissal under Rule 11. *See id.* at 422. Koala had not moved to dismiss the action, sought judgment on the pleadings, requested summary judgment, or requested a *Markman* hearing. *See id.* at 412–13 (citing *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996)). Put differently, Koala had not challenged the "legal sufficiency" or "efficacy" of Safe-Strap's infringement claims. *Id.* at 413. Dismissal under Rule 11 would have prejudiced Safe-Strap as Koala would have "receive[d] all the benefits of summary judgment," including a decision on the merits, without the "strictures" of summary judgment motion practice. *Id.* at 419. Noting the litigants' outstanding factual disputes and discovery items, the court found that Koala's sanctions motion was "an improper substitute for a motion for summary judgment." *Id.* at 420.

Applying that same reasoning here, Defendants have not tested the "legal sufficiency" or "efficacy" of Shell's claims. *Id.* at 413. None of the Defendants have moved for dismissal, and the parties currently are engaging in expert discovery. *See* Electronic Order, dated June 15, 2026. Shell alleges ten claims related to Oil Depot's alleged sale of counterfeit oil that are hotly contested by the parties. *See* ECF No. 107 ¶¶ 70–209; ECF No. 167-3 at 22–23 (characterizing

Shell's claims as "groundless" and unsupported by "any evidence"); ECF No. 168-1 at 6–14 (arguing that "Shell is likely to succeed on the merits" because, among other things, Defendants "sold products that tested to be clearly non-genuine," and used "highly suspect" Shell labels). Judge Azrack only evaluated Shell's claims only in the context of an *ex parte* TRO, later replaced by standstill agreements. *See* ECF No. 57; ECF No. 62. Moreover, neither Judge Azrack nor Judge Bulsara have rendered a final decision on the merits of Shell's claims. *See U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 138 (2d Cir. 2014) ("TRO and preliminary injunction proceedings do not typically give the parties 'the benefit . . . of a full opportunity to present their cases [ ]or . . . a final judicial decision based on the actual merits of the controversy.'" (quoting *Univ. of Tex. v. Camenisch,* 451 U.S. 390, 396 (1981))).

Rule 11 dismissals with prejudice are harsh sanctions and should be reserved for extreme circumstances. *See Rates Tech.*, 2007 WL 2021905, at *4 ("[A] Rule 11 dismissal is drastic—the harshest sanction and penalty available to the district court—and should be imposed only in extreme circumstances." (internal quotation marks and citations omitted)). Rule 11 is not a replacement for summary judgment motion practice or a trial, which are best suited for evaluating the strength (or lack thereof) of Shell's claims. *Safe-Strap*, at 270 F.Supp.2d at 416 ("Rule 11 should not be used to raise issues of legal sufficiency that more properly can be disposed of by a motion to dismiss, a motion for a more definite statement, or a motion for summary judgment." (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1336 (2d ed. Supp. 2003))). Any sanctions motion related to Shell's commencement of this lawsuit and filing of the TRO motion in 2023 is properly raised at the end of the litigation, not amidst expert discovery. *See id.* at 420 ("Courts should, and often do, defer consideration of certain sanctions motions until the end of the litigation to gain a full sense of the case and to

avoid unnecessary delay of disposition of the case on the merits. This is a sensible practice where as here the thrust of the sanctions motion is that institution of the case itself was improper." (cleaned up)).[2]

## IV. CONCLUSION

For the reasons above, the undersigned recommends that Oil Depot's Motion for Sanctions be denied without prejudice as premature.[3]

## V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* FED. R. CIV. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Bulsara. FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS. *See Thomas v. Arn*, 474 U.S. 140, 154–55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d

---

[2] Because the undersigned recommends denying the Motion without prejudice as premature (and thus does not determine the propriety of sanctioning Shell at the end of this litigation), Shell's request for attorney's fees related to opposing the Motion also should be denied without prejudice. *See* ECF No. 168-1 at 31–32; *see also China AI Cap. Ltd. v. DLA Piper LLP (US)*, No. 21-CV-10911, 2025 WL 3204368, at *3 (S.D.N.Y. Nov. 17, 2025) ("Rule 11 allows, but does not require, the district court to award a prevailing party the reasonable expenses and attorneys' fees incurred in presenting or opposing the motion." (internal quotation marks and citations omitted)); *Marquess v. Cardflex, Inc.,* No. 19-CV-04790, 2023 WL 3597601, at *2 (E.D.N.Y. May 23, 2023) ("Although a prevailing non-movant may be entitled to attorneys' fees when he successfully avoids Rule 11 sanctions, fees are infrequently granted where the motion was not clearly frivolous, filed for an improper purpose, or not well grounded in fact or law." (citation omitted)).

[3] Consistent with the undersigned's recommendation to deny the Motion without prejudice as premature, the undersigned additionally recommends that the associated Motions to Seal (ECF Nos. 168, 169), which provide boilerplate arguments without delineating the parties' "respective positions on proposed sealing and redactions" to their sanctions motion briefing, be denied without prejudice. Electronic Order, dated February 25, 2026; *see also Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 414 (S.D.N.Y. 2014) (declining to seal a reinsurance agreement based on "boilerplate statements" made in a supporting declaration).

566, 569 (2d Cir. 1995).

**SO ORDERED**:

Dated: Central Islip, New York
July 14, 2026

/s/ Lee G. Dunst
LEE G. DUNST
United States Magistrate Judge