**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------X

SHELL TRADEMARK MANAGEMENT B.V. and PENNZOIL-QUAKER STATE COMPANY

Plaintiffs and Counter-Defendants,

v.

THE INDIVIDUALS AND BUSINESS ENTITIES IDENTIFIED ON SCHEDULE A,

Defendants and Counter-Plaintiffs.

----------------------------------------------------------X

**ORDER**

23-cv-7653 (SJB) (LGD)

THE OIL AND LUBRICANT DEPOT LLC,

Third-Party Plaintiff,

v.

JOHN DOES 1-10 and POLSINELLO FUELS, INC.,

Third-Party Defendants.

----------------------------------------------------------X

**LEE G. DUNST**, Magistrate Judge:

District Judge Joan M. Azrack conducted a hearing on November 1, 2023, regarding the status of injunctive relief. *See* Electronic Case Filing ("ECF") No. 29 (Transcript of November 1, 2023 Status Conference). Judge Azrack thereafter approved the parties' "Proposed Stipulated Order" on November 2, 2023. *See* ECF No. 26 (Approved Order). The November 2, 2023 Order provides, in pertinent part, that "nothing herein shall limit Defendants' rights with respect to any such products purchased directly through Sam's Club" and "Plaintiffs will do nothing to interfere with ongoing purchases from Sam's Club by Defendants of Shell-branded products or otherwise interfere with Defendants' business operations unrelated to this action and will

reinstate any recently cancelled purchase orders of Shell-branded products that Defendants have made through Sam's Club." *Id.* at 2. Judge Azrack issued multiple orders during the following months, which effectively restated Plaintiffs' obligation to "do nothing to interfere with ongoing purchases from Sam's Club by Defendants of Shell-branded products or otherwise interfere with Defendants' business operations." ECF No. 34 at 2 (December 4, 2023 Order); *see also* ECF No. 57 at 2 (March 30, 2024 Order); ECF No. 63 at 5 (April 23, 2024 Order).

Defendant now seeks to file a motion for contempt "based on Plaintiffs' July 17[, 2026] directive terminating all direct communication between Shell's sales representatives and Oil Depot in **apparent violation** of multiple prior Court orders issued in this action." ECF No. 206 at 2 (emphasis added). Plaintiffs respond that there is no "clear and convincing" proof that it violated Judge Azrack's orders. *Id.* at 5 (citation omitted).

The undersigned has reviewed Judge Azrack's prior orders, the transcripts of select conferences before Judge Azrack (ECF Nos. 29, 31, 54, 55, 61), and the parties' recent letters regarding the anticipated contempt motion (ECF Nos. 200, 203, 206). Pursuant to the August 2, 2026 referral order from Judge Sanket J. Bulsara (to whom the case is now assigned), it is hereby ORDERED that as follows:

**Defendant** shall submit the following by **September 18, 2026 at 4:30PM**:

1. Copies of all written communications (emails and/or letters) from July 17, 2026 to July 29, 2026 between Plaintiffs' counsel and defense counsel relating to the July 17, 2026 email from Plaintiffs' counsel stating that "[a]t this stage in the litigation, we have determined that all communications between Shell and Oil Depot should go through their respective attorneys. Thus, Shell's sales representatives who support Sam's Club and its customers will no longer call on or communicate with Oil Depot directly." ECF No. 206 at 3.

2. Sworn declarations from all defense counsel setting forth the substance of any oral discussions with Plaintiffs' counsel from July 17, 2026 to July 29, 2026 regarding the subject matter set forth in paragraph 1 above. These attorneys' declarations are limited to five pages, and shall not include exhibits (unless otherwise ordered by the Court) or footnotes.

3. A Sworn declaration from one Oil Depot employee addressing whether, since July 17, 2026, Defendant has been unable to purchase Shell-branded products from Sam's Club, any prior orders of Shell-branded products from Sam's Club have been cancelled, and any changes made been made to the terms of Defendant's purchases from Sam's Club. This Oil Depot declaration is limited to four pages and shall not include exhibits or footnotes.

4. A letter (limited to five pages with no exhibits or footnotes) addressing Defendant's arguments on the following topics:

   (a) The **specific** meaning of the **actual** words regarding Sam's Club in Judge's Azrack's Orders.
   (b) The **specific** meaning of the **actual** words regarding Sam's Club used by Judge Azrack and counsel at the November 1, 2023 Hearing Conference. *See, e.g.*, ECF 29 at 16 (lines 3–10), 23 (lines 4–10), 26 (lines 1–17).
   (c) The **specific** explanation of the **actual** relief sought by Defendant regarding the requested order that Shell "restore direct communication between Depot and Shell's designated sales representatives on the same terms that existed for ten years before the directive and on the same terms provided to Depot's competitors." ECF 206 at 4.
   (d) A **clear, direct and succinct** factual and legal explanation in support of the claim that Shell's July 17, 2026 directive violated Judge Azrack's orders.

**Plaintiffs** shall submit the following by **September 25, 2026 at 4:30PM**:

1. Copies of all written communications (emails and/or letters) from July 17, 2026 to July 29, 2026 between Plaintiffs' counsel and defense counsel relating to the July 17, 2026 email from Plaintiffs' counsel stating that "[a]t this stage in the litigation, we have determined that all communications between Shell and Oil Depot should go through their respective attorneys. Thus, Shell's sales representatives who support Sam's Club and its customers will no longer call on or communicate with Oil Depot directly." ECF No. 206 at 3.

2. Sworn declarations from all Plaintiffs' counsel setting forth the substance of any oral discussions with defense counsel from July 17, 2026 to July 29, 2026 regarding the subject matter set forth in paragraph 1 above. These attorneys' declarations are limited to five pages and shall not include exhibits (unless otherwise ordered by the Court) or footnotes.

3. A sworn declaration from one Shell employee addressing whether, since July 17, 2026 Defendant has been unable to purchase Shell-branded products from Sam's Club, any prior orders of Shell-branded products from Sam's Club have been cancelled, and any changes made been made to the terms of Defendant's purchases from Sam's Club. This Shell declaration is limited to 4 pages and shall not include exhibits or footnotes.

4. A sworn declaration from one Shell employee setting forth **in detail** the "[t]wo reasons unrelated to this litigation" that support Shell's July 17, 2026 decision. *Id.* at 6. This declaration also shall explain whether any other reasons informed that decision in any

way, including, but not limited to, Defendant's allegation that "Shell was motivated by [Oil] Depot's settlement positions at the June 15, 2026 mediation before the Court." *Id.* at 3. This declaration is limited to four pages and shall include no exhibits or footnotes.

5. A letter (limited to five pages with no exhibits or footnotes) addressing Defendant's arguments on the following topics:

   (a) The **specific** meaning of the **actual** words regarding Sam's Club in Judge Azrack's orders.
   (b) The **specific** meaning of the **actual** words regarding Sam's Club used by Judge Azrack and counsel at the November 1, 2023 hearing. *See, e.g.*, ECF No. 29 at 16 (lines 3–10), 23 (lines 4–10), 26 (lines 1–17).
   (c) The **specific** explanation of the **actual** relief sought regarding the requested order that Shell "restore direct communication between Depot and Shell's designated sales representatives on the same terms that existed for ten years before the directive and on the same terms provided to Depot's competitors." ECF No. 206 at 4.
   (d) A **clear, direct and succinct** factual and legal explanation in opposition to the claim that Shell's July 17, 2026 directive violated Judge Azrack's orders.

The parties each shall promptly provide two courtesy copies of their submissions to the undersigned's chambers. Apart from these submissions, the parties are prohibited from filing any other submissions regarding the proposed contempt motion absent further order from the undersigned. Finally, the parties and their counsel are reminded once again about their "duty of candor" to the Court. *New Falls Corp. v. Soni*, No. 16-CV-6805, 2022 WL 17811448, at *10 (E.D.N.Y. Dec. 19, 2022) (internal quotations and citations omitted).

**SO ORDERED**:

Dated: Central Islip, New York
September 11, 2026

/s/ Lee G. Dunst
LEE G. DUNST
United States Magistrate Judge