**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------X

SHELL TRADEMARK MANAGEMENT B.V. and PENNZOIL-QUAKER STATE COMPANY

Plaintiffs and Counter-Defendants,

v.

THE INDIVIDUALS AND BUSINESS ENTITIES IDENTIFIED ON SCHEDULE A,

Defendants and Counter-Plaintiffs.

----------------------------------------------------------X

THE OIL AND LUBRICANT DEPOT LLC,

Third-Party Plaintiff,

v.

JOHN DOES 1-10 and POLSINELLO FUELS, INC.,

Third-Party Defendants.

----------------------------------------------------------X

**REVISED ORDER**

23-cv-7653 (SJB) (LGD)

**LEE G. DUNST**, Magistrate Judge:

Presently before the Court is the parties' latest dispute: whether Dr. Jason Brown (one of Plaintiffs' purported experts) should have prepared a report under Fed. R. Civ. P. 26(a)(2)(B) and, if not, whether the summary of the facts and opinions underlying his expected testimony satisfies the requirements set forth in Fed. R. Civ. P. 26(a)(2)(C). The Court has reviewed the parties' submissions and the applicable case law. *See* Electronic Case Filing ("ECF") Nos. 210, 211; *see also Samuels v. City of New York*, No. 22-CV-1904, 2025 WL 3206488 (S.D.N.Y. Nov. 14, 2025), *objections overruled*, 2026 WL 99929 (S.D.N.Y. Jan. 14, 2026); *Kaganovich v. McDonough*, 547

F. Supp. 3d 248 (E.D.N.Y. 2021). Considering the case law, as well as the Court's broad discretion over pre-trial discovery and inherent authority, it is ORDERED as follows:

***First***, the record is insufficiently developed to determine whether Dr. Brown's expected opinion should have been memorialized in a report and produced by July 22, 2026. *See* ECF No. 196 (setting a deadline of July 22, 2026 for service of Plaintiffs' expert reports). The facts and circumstances relevant to this determination should be the subject of testimony at Dr. Brown's deposition. The Court therefore **DENIES WITHOUT PREJUDICE** as premature any relief sought by Defendant regarding the absence of an expert report by Dr. Brown and Plaintiffs' failure to produce such a report (if required) by the now-expired deadline. However, Defendant may renew any motion to preclude Dr. Brown at the appropriate time **after** his deposition.

***Second***, Plaintiffs contend that Dr. Brown's expert witness summary "support[s] Shell's claims and Shell's defense against Defendant's counterclaims, as well as to rebut testimony of Dr. Sarah Parker [Defendant's expert]" (ECF No. 210-1) and claims that this summary satisfies Rule 26(a)(2)(C). *See* ECF No. 210 at 3.

Rule 26(a)(2)(C) requires production of an expert summary that sets forth "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C)(i–ii). Rule 26(a)(2)(C) requires more than "scant details." *Samuels*, 2025 WL 3206488, at *6 (citation omitted); *see also Kaganovich*, 547 F. Supp. 3d at 274–75 (to satisfy Rule 26(a)(2)(C), the expert must proffer more than "mere generalities" and "bare-minimum details"). "In determining whether these disclosures satisfy Rule 26(a)(2)(C), "[u]ltimately, the question is whether the disclosure provides 'sufficient detail to permit defendants to prepare their defense.'" *Kaganovich*, 547 F. Supp. 3d at 274 (citation omitted).

Defendant argues that Dr. Brown's summary "merely lists seven overlapping issues yet identifies no facts or opinions to 'provide sufficient detail to permit defendants to prepare their defense.'" ECF No. 211 at 1–2 (citation omitted). Defendant identifies defects with each of the seven topics and claims that "as to each topic, Shell has provided no facts or opinions needed by Depot to prepare for trial." *Id.* at 3.

The Court has reviewed Dr. Brown's summary, agrees with Defendant's observations about the defects in his summary, and "concludes that a more fulsome disclosure is necessary and exercises its discretion to require it." *Brown v. United States*, No. 23-CV-0277, 2025 WL 2483045, at *7 (N.D.N.Y. Aug. 28, 2025). The current summary fails to provide adequate detail on numerous facts and opinions. In addition to the defects identified by Defendant in ECF No. 211, the Court notes that there are numerous vague and unmoored references to "testing," "tests," "other testing," "other tests," "reports and summaries," "protocols and documentation," "tracer," and "established methods"—all of which are woefully insufficient to inform Defendant as to what Dr. Brown is relying on or referring to. ECF No. 210-1 at 3–4. Additionally, Dr. Brown's summary fails to address whether he "intends to say anything about the ten products Shell added to the Amended Complaint." DE 211 at 3.

In sum, the Court finds that Dr. Brown's current expert summary does not comply with the letter or spirit of Rule 26(a)(2)(C)—especially because testing is central to Plaintiffs' allegations regarding Defendant's alleged sales of counterfeit product. *See BDG Gotham Residential, LLC v. W. Waterproofing Co.,* Inc., No. 19-CV-6386, 2024 WL 4349163, at *14 (S.D.N.Y. Sept. 30, 2024), *reconsideration denied*, 2024 WL 5201596 (S.D.N.Y. Dec. 23, 2024), *and motion to certify appeal denied*, 2024 WL 5245007 (S.D.N.Y. Dec. 30, 2024) (observing that "[t]he time has come . . . 'to put up or shut up.'") (citation omitted); *Scelsi v. Habberstad*

*Motorsport Inc.*, No. 19-CV-4315, 2021 WL 2589725, at *1 n.1 (E.D.N.Y. June 24, 2021) (noting that counsel had "engaged in 'hide-the-ball' tactics"); *In re Commodity Exch., Inc., Gold Futures & Options Trading Litig.*, No. 14-MC-2548, 2021 WL 2481835, at *8 n.12 (S.D.N.Y. June 17, 2021) (placing the parties on notice that they need "to fish or cut bait"); *Am. Stock Exch., LLC v. Mopex, Inc.,* 215 F.R.D. 87, 93 (S.D.N.Y. 2002) ("The purpose of these rules is to avoid surprise or trial by ambush." (internal quotation marks omitted)).

***Third*****,** in the exercise of its substantial discretion, the Court shall provide Plaintiffs with **one final opportunity** to supplement Dr. Brown's summary with the missing details in order to address in good faith the aforementioned defects in his summary and hereby ORDERS that Plaintiffs produce a supplemental summary by Dr. Brown by **October 2, 2026, at 4:30PM**.

***Fourth*****,** as to the deposition of Dr. Brown, the parties are directed to meet and confer by telephone, videoconference or in person (and not by email) as to the logistics relating to the deposition of Dr. Brown, including, but not limited to, whether defendant seeks to conduct a deposition in excess of seven hours on more than one day, despite the presumption set forth in Fed. R. Civ. P. 30(d)(1). The parties shall address this topic, if necessary, in their status reports due by October 30, 2026.

***Fifth*****,** if Plaintiffs make any additional Rule 26(a)(2)(B) expert disclosures (*see* ECF No. 211 at 3), that disclosure shall comply with the applicable case law (as well as this Order) regarding the contents of the purported expert summary.

**SO ORDERED**:

Dated: Central Islip, New York
September 24, 2026

/s/ Lee G. Dunst
LEE G. DUNST
United States Magistrate Judge